# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1221V
Filed: February 28, 2019
Not for Publication

*************************************
| | |
|---|---|
| MARLO K. MAYLE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Reasonable attorneys' fees and costs; |
| | *   Influenza ("flu") vaccine; |
| | *   Right sensorineural hearing loss |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

*************************************

Kevin A. Mack, Tiffin, OH, for petitioner.
Robert P. Coleman, III, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 8, 2017, Marlo K. Mayle ("petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that an influenza ("flu") vaccination she received on November 16, 2014 caused her right sensorineural hearing loss.  Pet. Preamble.

On November 15, 2018, petitioner filed a status report indicating that after an extensive search she had been unable to find a credible expert and requested a ruling on the existing record. Status Report, ECF No, 19.  On the same day, the undersigned issued her Decision dismissing the case for failure to make a prima facie case. Decision, dated November 11, 2015.  Judgment entered on December 18, 2018.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On November 28, 2018, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees of $15,561.25 and attorneys' costs of $747.31, for a total request of $16,308.56. First Motion for Fees at 1.   Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation.  Id.   Respondent responded to the motion on December 12, 2018, indicating that "Respondent leaves it to the discretion of the Special Master to determine whether the statutory requirements for an award of fees and costs have been met in this case." Response at 2.   Petitioner did not file a reply brief, but by an order of the Court dated February 22, 2019, filed a second motion for attorneys' fees and costs ("Fees App.") containing the requested documentation of incurred attorneys' costs.   The matter is now ripe for adjudication.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."   42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S.Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).   A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.   Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith."   Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.   Deciding whether a claim was brought in good faith and had a reasonable basis "is within the discretion of the Special Master."   Simmons v. Sec'y of HHS, 128 Fed. Cl. 579, 582 (2016), aff'd, 875 F. 3d 632 (Fed. Cir. 2017) (quoting Scanlon v. Sec'y of HHS, 116 Fed. Cl. 629, 633 (2014) (citing Davis v. Sec'y of HHS, 105 Fed. Cl. 627, 633 (2012) ).   In determining reasonable basis, the Federal Circuit has clarified in Simmons that it is "an objective inquiry unrelated to counsel's conduct." Simmons, 875 F. 3d at 636.

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Grice, 36 Fed. Cl. at 121.   There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied.   Furthermore, the evidence submitted in this case is sufficient to conclude that petitioner had a reasonable basis to file the petition.   The only remaining question is whether the requested amount of attorneys' fees and costs is reasonable.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.   See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).   Special masters have previously noted the inefficiency that results when cases are

staffed by multiple individuals and have reduced fees accordingly.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).   Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner requests compensation for her attorney, Mr. Kevin Mack, at a rate of $295.00 per hour for all work performed from 2016-2018.  Fees App. Ex. A.  This is consistent with the rate awarded to Mr. Mack in other Vaccine Program cases.  See Simmers v. Sec'y of Health & Human Servs., No. 16–711V, 2017 WL 1653417 (Fed. Cl. Spec. Mstr. April 7, 2017); Shupe v. Sec'y of Health & Human Servs., No. 15–472V, 2016 WL 1627504 (Fed. Cl. Spec. Mstr. Mar. 22, 2016).   The undersigned too finds that the requested rate is reasonable, and that no adjustment is required.  Additionally, the hours billed in this matter (52.75) appear to be reasonable.  Petitioner has submitted a sufficiently detailed billing statement which describes the work performed.  Petitioner is therefore entitled to the full amount of attorneys' fees sought.

Turning next to costs, petitioner requests a total of $747.31 for obtaining medical records and the Court's filing fee.  See generally Fees App. Ex. A.  These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them.  Accordingly, the requested attorneys' costs shall be reimbursed in full.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.  The court awards **$16,308.56** (representing attorneys' fees of $15,561.25 and attorneys' costs of $747.31) in the form of a check made payable jointly to petitioner and the Law Office of Kevin A. Mack.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 28, 2019                                           /s/ Laura D. Millman
                                                                                          Laura D. Millman
                                                                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.